UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAMARCUS LARRY, III,

    Plaintiff,

v.                                                                              Case No: 8:21-cv-528-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff Lamarcus Larry, III seeks judicial review of the denial of his claim for supplemental security income. As the Administrative Law Judge's (ALJ) decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## BACKGROUND

### A.    Procedural Background

Plaintiff filed an application for supplemental security income on May 9, 2018. (Tr. 313–21.) The Commissioner denied Plaintiff's claim both initially and upon reconsideration. (Tr. 141–68.) Plaintiff then requested an administrative hearing. (Tr. 185–93.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 74–111.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claim for benefits. (Tr. 59–68.) Subsequently, Plaintiff requested review from the Appeals

Council, which the Appeals Council denied. (Tr. 1–7.) Plaintiff then timely filed a complaint with this court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

    **B.**    **Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1978, claimed disability beginning on June 9, 2017. (Tr. 154, 313, 328.) Plaintiff received a general education diploma (GED) and completed a construction project coordination program. (Tr. 165, 349.) Plaintiff has no past relevant work experience. (Tr. 67, 348.) Plaintiff alleged disability due to schizophrenia, depression, sleep problems, traumatic brain injury, left eye problems, post-traumatic stress disorder, and memory loss. (Tr. 155, 168, 348.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since May 9, 2018, the date the application was filed. (Tr. 60, 61, 68.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: bipolar disorder, anxiety, post-traumatic stress disorder, and vision deficit in left eye. (Tr. 61.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 62–63.) The ALJ then concluded that Plaintiff retained a residual functional capacity (RFC)

> to perform work at all exertional levels but is limited to work that is simple as defined in the Dictionary of Occupational Titles (DOT) as Specific Vocational Preparation (SVP) levels 1 and 2, routine and repetitive tasks in a work environment free of fast paced production requirements

> which is defined as constant activity with work tasks performed sequentially in rapid succession; involving only simple-work related decisions; and no more than occasional interaction with the general public, co-workers and supervisors; and limited to occupations that do not require nighttime vision or more than frequent depth perception with the left eye; and shall avoid exposure to hazards.

(Tr. 63–67.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not fully consistent with the medical evidence and other evidence of record. (Tr. 65–66.)

As noted, the ALJ determined that Plaintiff did not have any past relevant work. (Tr. 67.) Given Plaintiff's background and RFC, the vocational expert (VE) testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as hand packager; cleaner II, transportation vehicles; and commercial cleaner. (Tr. 67.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 68.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less

than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal

- 4 -

standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**ANALYSIS**

Plaintiff argues that the ALJ failed to comply with Social Security Ruling 00-4p because the ALJ did not resolve conflicts between the VE's testimony and the Dictionary of Occupational Titles (DOT). (Dkt. 22 at 6.) *See* Soc. Sec. Admin., *Titles*

*II & XVI: Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Info. in Disability Decisions*, SSR 00-4p (Dec. 4, 2000), *available at* 2000 WL 1898704 (hereinafter, "SSR 00-4p"). Due to the alleged inconsistencies between the VE's testimony and the DOT, Plaintiff argues that the ALJ was required to elicit a reasonable explanation for the conflicts from the VE before relying on the VE's testimony. (Dkt. 22 at 6.) In response, the Commissioner argues that no such conflicts exist. (Dkt. 25 at 1.) For the reasons that follow, Plaintiff's contentions do not warrant reversal.

When the ALJ determines that a claimant cannot perform or does not have past relevant work, the Commissioner must produce evidence that claimant is able to perform other jobs existing in significant numbers in the national economy given the claimant's RFC, age, education, and work experience. 20 C.F.R. § 416.960(c). The burden then shifts to the claimant to show that the claimant "is unable to perform the jobs that the Commissioner lists." *Doughty v. Apfel*, 245 F.3d 1274, 1278, n.2 (11th Cir. 2001). "[T]he Commissioner's preferred method of demonstrating that the claimant can perform other jobs is through the testimony of a VE." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). The ALJ must "introduce independent evidence, preferably through a vocational expert's testimony, of existence of jobs in the national economy that the claimant can perform." *Wilson*, 284 F.3d at 1227. "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Jones*, 190 F.3d at 1229.

Here, during the administrative hearing, the ALJ included all of Plaintiff's RFC restrictions in the hypothetical to the VE. (Tr. 102–03.) The VE testified that an individual with Plaintiff's RFC would be able to perform work as a hand packager, cleaner II of transportation vehicles, and commercial cleaner. (Tr. 103.) The ALJ then inquired whether the VE's testimony was consistent with the DOT, and the VE confirmed that it was. (Tr. 105.) The VE further stated that his testimony regarding social interaction and production pace was based on "[a] combination of the DOT and [his] education and work experience in the public and private sectors." (Tr. 105–06.) Based on this testimony, the ALJ found at step five that Plaintiff can perform other work that exists in significant numbers in the national economy. (Tr. 68.)

SSR 00-4p requires an ALJ to "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by" a VE and information in the DOT, "including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles" (SCO). SSR 00-4p at *1. In *Washington v. Comm'r of Soc. Sec.*, the Eleventh Circuit held that, pursuant to SSR 00-4p and the overall regulatory scheme governing disability claims, ALJs have "an affirmative duty to identify apparent conflicts between the testimony of a Vocational Expert and the DOT and resolve them." 906 F.3d 1353, 1356 (11th Cir. 2018). An apparent conflict is a "conflict that is reasonably ascertainable or evident from a review of the DOT and the VE's testimony." *Id.* at 1365. If a conflict is "reasonably ascertainable or evident," the ALJ must identify the conflict, ask the VE about it, and resolve it in his or her decision. *Id.* at 1366; *Jules v. Berryhill*, No. 18-

cv-60963-VALLE, 2019 WL 4737602, at *10 (S.D. Fla. Sept. 27, 2019). "The failure to discharge this duty means that the ALJ's decision, when based on the contradicted VE testimony, is not supported by substantial evidence." *Washington*, 906 F.3d at 1356.

Plaintiff contends that the ALJ erred in failing to identify and resolve several apparent conflicts between the VE's testimony and the DOT. (Dkt. 22 at 6–8.) First, Plaintiff contends that there are apparent conflicts between the hand packager and cleaner II jobs and the RFC. (*Id.* at 7–8.) Specifically, Plaintiff argues that because both positions require constant reaching, handling, and fingering, an apparent conflict exists with the RFC's limitation precluding him from fast paced work. (*Id.*) In response, the Government argues that there is no apparent inconsistency between the requirements of the hand packager and cleaner II jobs and the RFC. (Dkt. 25 at 6–7, 9.)

In *Christmas v. Comm'r of Soc. Sec.*, 791 F. App'x 854 (11th Cir. 2019), the Eleventh Circuit addressed a similar argument concerning alleged conflicts in the evidence. In *Christmas*, the plaintiff argued that the job of fruit distributor was a fast-paced, assembly line job, which was inconsistent with her assigned RFC. *Id*. The plaintiff argued that the VE's testimony that she could perform the fruit distributor job thus conflicted with the DOT and the ALJ failed to resolve the conflict. *Id.* The court noted that the DOT did "not discuss the pace of a fruit distributor job or the quantity of fruit that a distributor must or should handle." *Id.* Accordingly, the Court found that "there was no apparent conflict for the ALJ to resolve." *Id.*

Likewise, Plaintiff asks this court to infer that the positions of hand packager and cleaner II require a fast pace because they require constant reaching, handling, and fingering. The DOT descriptions of hand packager and cleaner II, however, do not address the pace level of these occupations. *See* DOT 920.587-018, 1991 WL 687916 (1991) (hand packager); DOT 919.687-014, 1991 WL 687897 (1991) (cleaner II). Thus, it is not "reasonably ascertainable" or "evident" that a person limited to "routine and repetitive tasks in a work environment free of fast paced production requirements" could not perform the requirements of these jobs. *See Washington*, 906 F.3d at 1366. Moreover, the RFC did not place limitations on Plaintiff's ability to reach, handle, or finger. Therefore, the ALJ was not required to make inferences about the job requirements and "then resolve conflicts between the VE's testimony and those unsupported inferences." *Christmas*, 791 F. App'x at 857. Thus, there was no conflict between the VE's testimony and the DOT for the ALJ to resolve pursuant to SSR 00-4p. *See id.*

Second, Plaintiff contends that the RFC states that he "shall avoid exposure to hazards." (Dkt. 22 at 8.) As to this limitation, Plaintiff makes three arguments. First, he argues that an apparent conflict exists between the VE's testimony and the DOT's definition of hand packager because the DOT lists that position as involving frequent exposure to extreme heat which "could reasonably be interpreted as being a hazard." (*Id.*) Plaintiff next argues that an apparent conflict exists between the VE's testimony and the DOT's definition of cleaner II because the DOT lists that position as involving constant exposure to wetness and/or humidity, which Plaintiff contends, "should be

considered a hazard." (*Id.*) Plaintiff's final contention is that although "[t]he job of a commercial cleaner . . . does not require exposure to hazards" it "involves tasks that may be considered hazardous." (*Id.*) As a result, Plaintiff argues that the ALJ erred in finding that Plaintiff could perform these jobs. (*Id.*)

The court finds that no apparent conflict exists between the VE's testimony and the DOT job requirements for the jobs of hand packager, cleaner II, and commercial cleaner as they relate to the limitation to avoid exposure to hazards. First, as Plaintiff correctly notes, the DOT's description for hand packager includes frequent exposure to extreme heat, *see* DOT 920.587-018, 1991 WL 687916, and the DOT description for cleaner II includes constant exposure to wetness and/or humidity, s*ee* DOT 919.687-014, 1991 WL 687897. However, Plaintiff's RFC does not include any limitations regarding frequent exposure to extreme heat, wetness and humidity, or other environmental conditions. *See* (Tr. 63–64.) As such, there were no apparent conflicts for the ALJ to resolve between the VE's testimony and the DOT definitions for hand packager and cleaner II.

To the extent Plaintiff contends that the RFC limitation to "avoid exposure to hazards" encompasses additional limitations to avoid exposure to extreme heat, humidity, and wetness, that contention is also without merit. First, the court finds that even if there is "potential tension" between Plaintiff's limitations and exposure to extreme heat, humidity, and wetness, that tension does not mean an "apparent" conflict exists. *See Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1323 (11th Cir. 2021) (finding that although there was "potentially tension" between a claimant's

limitations and DOT requirements, "that tension does not rise to the level of an 'apparent conflict'") (citing *Washington*, 906 F.3d at 1366). Second, "hazards" are defined to include "moving mechanical parts of equipment, tools, or machinery; electrical shock; working in high, exposed places; exposure to radiation; working with explosives; and exposure to toxic, caustic chemicals." *See* Appendix D: Environmental Conditions, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles. As other courts have noted, the SSA adopted this definition in Social Security Ruling 96-9p. *See* SSR 96-9p, 1996 WL 374185, at *9 (Jul. 2, 1996); *see, e.g.*, *Zatarain v. Saul*, No. 1:19-cv-94, 2020 WL 4451048, at *6 (E.D. Tenn. Aug. 3, 2020) (noting that SSR 96-9p defines "hazards" and that the "ALJ is not required to define a word that is already listed in agency policy"); *French v. Berryhill*, No. EDCV 17-0566-KS, 2018 WL 1322106, at *8 (C.D. Cal. Mar. 13, 2018) (referring to SSR 96-9p as "the [Social Security] Commissioner's own relevant definition of 'hazards'"); *Novoa v. Colvin*, No. cv 13-00219-MAN, 2014 WL 3854369, at *7–8 (C.D. Cal. Aug. 6, 2014) (relying on this same definition when the "ALJ did not expand upon his definition of 'hazard'"); *Cranfill v. Colvin*, No. 1:10-cv-925, 2013 WL 1736597, at *8 (M.D.N.C. Apr. 9, 2013) (using SSR 96-9p "to define the term 'hazardous'"). If the ALJ thought it necessary to limit Plaintiff's exposure to a broader range of environmental conditions, such as those present for hand packager or cleaner II, he would have done so. *See Newman v. Comm'r of Soc. Sec.*, No. 14-cv-692-ORL, 2015 WL 5599927, at *3 (M.D. Fla. Sept. 22, 2015) (reviewing decision where the RFC provided that "[t]he claimant must avoid concentrated exposure to extreme cold, heat,

humidity, fumes, odors, dust, gases, vibrations, and poor ventilation"). Therefore, the court rejects Plaintiff's argument that an apparent conflict exists between the "hazard" limitation and the environmental conditions present in the hand packager and cleaner II positions of exposure to extreme heat, wetness, and humidity.

Likewise, the court finds that Plaintiff's contention that an apparent conflict exists because although "[t]he job of a commercial cleaner . . . does not require exposure to hazards" it "involves tasks that may be considered hazardous" to be without merit. (Dkt. 22 at 8.) As Plaintiff correctly notes, the DOT's description for this position does not require exposure to hazards. (*Id.*) *See* DOT 381.687-014, 1991 WL 673257 (1991). As such, the job description for "commercial cleaner" does not give rise to an "apparent" conflict with the controlling RFC in this case necessitating the ALJ's resolution. To the extent Plaintiff contends that the ALJ should have interpreted the job requirements to contain possible hazardous activity, "*Washington* does not require the ALJ to draw inferences about job requirements that are unsupported by the DOT's text and then resolve conflicts between the VE's testimony and those unsupported inferences." *Christmas*, 791 F. App'x at 857 (citing *Washington*, 906 F.3d at 1358). Moreover, the RFC does not include any limitations related to the tasks Plaintiff contends "may be considered hazardous." (Tr. 63–64.)

In sum, no apparent conflicts exist between the VE's testimony and the DOT. As a result, the VE's testimony constitutes substantial evidence on which the ALJ properly relied in finding that Plaintiff could perform other jobs in the national economy and concluding that Plaintiff was not disabled. *See Jones v. Comm'r of Soc.*

*Sec.*, 423 F. App'x 936, 938 (11th Cir. 2011) (observing that VE's testimony constitutes substantial evidence if the ALJ poses a hypothetical which includes all of the claimant's impairments").

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**ORDERED** in Tampa, Florida, on June 14, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record